UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00718 (JCC/IDD) |
| ) | |
| MAHA ABDUL RAHIM, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

FILED JUL 2 5 2014 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

### REPORT AND RECOMMENDATION

This matter is before the Court on the United States' Motion for Default Judgment against Defendant Maha Abdul Rahim ("Defendant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 12.) After Defendant failed to respond or appear at any proceedings, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Default Judgment, the supporting affidavits and documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that Plaintiff's Motion be GRANTED.

### I. INTRODUCTION

On June 13, 2013, Plaintiff filed a Complaint against Defendant seeking to revoke naturalization pursuant to 8 U.S.C. § 1451(a), alleging that Defendant procured naturalization by willful concealment or misrepresentation of material fact. (Dkt. No. 1.) Plaintiff has moved for default judgment against Defendant, and requests that this Court revoke and set aside the order granting Defendant's citizenship as well as cancel Defendant's Certificate of Naturalization. (Mot. Def. J. at 1.)

### A. Jurisdiction and Venue

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States is the plaintiff. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the action arises under 8 U.S.C. § 1451(a)—a federal statute.

Personal jurisdiction is proper because Virginia's long-arm statute authorizes exercise of jurisdiction over a defendant who caused injury by acts or omissions in Virginia, and because Defendant has established minimum contacts with the forum. *See* Va. Code § 8.01-328.1(A)(3); *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff alleges that Defendant willfully concealed and misrepresented material facts to obtain citizenship in the Eastern District of Virginia, where she was also naturalized. (Dkt. No. 1 Ex. 1 ¶ 4, 7.)

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Virginia, according to the facts alleged in the Complaint. (Dkt. No. 1 Ex. 1 ¶ 4, 7.) Venue is also proper under 8 U.S.C. 1451(a), which provides that if the naturalized citizen does not reside in the United States at the time of bringing the action, proceedings may be instituted in the district court where the citizen last resided. Defendant left the United States in 2008, and her last known United States residences were in Centreville, Virginia, and Vienna, Virginia, both in the Eastern District of Virginia. (Compl. ¶ 4; Dkt. No. 1 Ex. 1 ¶ 8; Dkt. No. 5 Ex. 1 ¶¶ 6, 7.) Accordingly, subject matter jurisdiction, personal jurisdiction, and venue are satisfied in this action.

### B. Service of Process

8 U.S.C. § 1451(b) normally requires the Plaintiff to provide the Defendant with 60 days personal notice, but it does authorize service by publication under the laws of the state where the action is filed when a defendant is outside of the United States. Virginia law provides for service

by publication to a nonresident individual. *See* Va. Code § 8.01-316(A)(1)(a)(iii). Except in condemnation cases, orders of publication in Virginia must state the style and object of the suit and must require the defendant to appear to protect their interests at least 50 days after entry of the order. Va. Code § 8.01-317. The order must be posted at the front door of the courthouse where the action would be tried, and a copy must be mailed to the defendant. *Id.* The court may dispense with newspaper publication where deemed proper. *Id.*

The initial summons issued listed an address for Defendant in Amman, Jordan, but Plaintiff did not complete service. (Dkt. No. 2.) On December 3, 2013, this Court ordered Plaintiff to show within 20 days why the action should not be dismissed because service had not been effected 120 days after the Complaint was filed. (Dkt. No. 3.) On December 17, 2013, Plaintiff moved to notify Defendant by publication according to Virginia law. The motion was accompanied by an affidavit stating that Defendant had been outside of the United States and living in Syria since October 2008. (Dkt. No. 5; Dkt. No. 5 Ex. 1 ¶ 7.) On December 20, 2013, this Court granted Plaintiff's motion and issued an Order of Publication in the manner provided for by Virginia Code § 8.01-317. (Dkt. No. 8.) On January 7, 2014, Plaintiff filed a Notice and supporting affidavit that it had complied with the Order of Publication. Plaintiff noted in its notice that Defendant's Amman, Jordan address had insufficient detail to complete delivery. (Dkt. No. 10 at 2; Dkt. No. 10 Ex. 1 at 3.) Notwithstanding the incomplete address, Defendant acknowledged receipt of the order to appear when she sent a letter to this Court, addressed to the undersigned and dated February 17, 2014. (Dkt. No. 12 Ex. 3 at 40.) Plaintiff and Homeland Security Investigations received copies on March 4 and 6, 2014 respectively. (Dkt. No. 12 at 2.) Defendant's acknowledgment of the order indicates that service of process was completed.

### C. <u>Grounds for Entry of Default</u>

On June 13, 2013, Plaintiff filed a Complaint against Defendant alleging willful concealment or misrepresentation of material fact to procure naturalization, and requesting revocation and cancellation of Defendant's naturalization. (Dkt. No. 1.) Defendant was served by publication on January 2, 2014, and was ordered to appear in court on or before March 7, 2014, to protect her interests. (Dkt. No. 8, 10.) Defendant acknowledged receipt of the order in a letter to this Court dated February 17, 2014. (Dkt. No. 12 Ex. 3 at 40.)

Although Defendant wrote to this Court, her letter does not constitute an answer or defense to the Complaint under Rule 55(a) or an appearance under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Default judgment is appropriate where the defendant fails to file an answer or responsive pleading to the Complaint or a response to a motion for default judgment. *E.g. Whorton v. Trawler Kelsey Nicole, Inc.*, No. 2:09cv411, 2009 WL 4927155, at *3 (E.D. Va. Dec. 19, 2009). In order for the court to enter default judgment, a defendant who has appeared in court must be notified seven days before a default judgment hearing. Fed. R. Civ. P. 55(b)(2). Circuits are split on whether appearance in court may also be informal, such as correspondence, but courts agree that the defaulting party must show a clear intention to defend the action. *See New York v. Green*, 420 F.3d 99, 105-06 (2d Cir. 1998). The Fourth Circuit has not ruled on this issue, but the Eastern District of Virginia has followed the formal standard adopted by the Seventh Circuit. *See Town & Country Kids, Inc. v. Protected Venture Investment Trust #1, Inc.*, 178 F.R.D. 453 (E.D. Va. 1998) (citing *Zuelzke Tool and Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991)) (holding defendant's letter to plaintiff's counsel was not appearance because 'appearance' is coming into court as a party to a suit, either in person or by an attorney); *see also Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 859 (7th Cir.

2011) (holding defendant's informal *pro se* letter to the district court explaining absence was not appearance).

Defendant's letter does not show an intention to defend the action. Although Defendant said that she was "eager to defend" her citizenship, Defendant primarily explained her absence and inability to appear in Court. (Dkt. No. 12 Ex. 3 at 40.) Defendant explained that she had not been in possession of her United States passport since March 19, 2013, and could not otherwise obtain the requisite authorization from her employer to leave Syria for personal reasons. (Dkt. No. 12 Ex. 3 at 41.) Defendant admitted facts about her employment and travel alleged by Plaintiff, but did not address whether her employment and travel were material to the decision to grant her naturalization. (*Id.* at 40-41.) Defendant concluded that she "look[ed] forward to being informed of [the Court's] just decision," suggesting that she did not intend to defend the action. (*Id.* at 41.) Therefore, entry of default was proper because Defendant failed to plead or otherwise defend the action.

On March 11, 2014, Plaintiff filed this Motion for Default Judgment. (Dkt. No. 12.) After Defendant failed to answer or appear in court on or before March 7, 2014, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. <u>FINDINGS OF FACT</u>

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, the memorandum in support, and declarations in support thereof.

Defendant immigrated to the United States from Syria, became a lawful permanent resident in 1996, and naturalized in 2003. (Compl. ¶ 5; Dkt. No. 12 Ex. 3 at 4, 22, 32.) On her naturalization application form, Defendant listed "Homemaker" as her only employment and

occupation for the last five years. (Compl. ¶ 7; Dkt. No. 12 Ex. 3 at 24.) Defendant listed four trips to Canada and Syria as the only trips over 24 hours she had taken outside of the United States since becoming a lawful permanent resident. (Compl. ¶ 8; Dkt. No. 12 Ex. 3 at 25.) Defendant listed no membership or association with any "organization, association, fund, foundation, party, club, society, or similar group" inside or outside the United States. (Compl. ¶ 9; Dkt. No. 12 Ex. 3 at 28.) Finally, Defendant indicated that she had never given false information to any United States government official while applying for an immigration benefit. (Compl. ¶ 10; Dkt. No. 12 Ex. 3 at 29.) Defendant signed the form, affirming under penalty of perjury, that the information contained in the form was true and correct. (Compl. ¶ 5; Dkt. No. 12 Ex. 3 at 31.) During Defendant's naturalization interview on May 21, 2003, she orally affirmed under oath that her naturalization application was true and correct to the best of her knowledge. (Compl. ¶ 10; Dkt. No. 1 Ex. 1 ¶ 7.)

Contrary to these affirmations, however, Defendant told Homeland Security Investigations ("HSI") in an April 11, 2013 interview that she had worked for the Atomic Energy Commission of Syria ("AECS") since 1986, first as an administrative assistant, then as Head of Safeguards. (Dkt. No. 12 Ex. 3 at 35.) Defendant also told HSI that she was paid 30,000 Syrian pounds (427.00 USD) per month at AECS, with an extra 10,000 Syrian pounds (142.00 USD) for attending conferences. (*Id.* at 38.) Defendant listed AECS under employment on her 1996 immigration form. (*Id.* at 1.) Defendant is listed as an attendee representing AECS on a program for a 1997 nuclear nonproliferation seminar in Vienna, Austria. (*Id.* at 6-7.) Defendant is also listed as an attendee from AECS at UN International Atomic Energy Agency ("IAEA") conferences in Austria in 1998, 2001, and 2002. (*Id.* at 8-15.) Two conference programs from

6

1998 and a publication from a 2003 symposium in Cairo, Egypt, identify Defendant as Head of Safeguards for AECS. (*Id.* at 9, 11, 21.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *See Music City Music, et al., v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, a court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must

7

set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 664).

### A. <u>Naturalization Procured by Willful and Material Concealment or Misrepresentation</u>

Plaintiff alleges that Defendant procured naturalization by willfully concealing or misrepresenting material facts about her employment, travel, and association on her naturalization application. 8 U.S.C. § 1451(a) provides for revocation of naturalization and cancellation of the order granting citizenship when the citizen procured naturalization by willful concealment or misrepresentation of material fact. Due to the severity of denaturalization, the plaintiff must prove its case by clear, unequivocal, and convincing evidence to obtain a default judgment. *Klapprott v. United States*, 335 U.S. 601, 612-13 (1949) (citing *Schneiderman v. United States*, 320 U.S. 118, 158 (1943)). This standard is "substantially identical" to the proof beyond a reasonable doubt standard in criminal cases. *Klapprott*, 335 U.S. at 613. Four independent requirements must be met: (1) the naturalized citizen misrepresented or concealed some fact; (2) the misrepresentation or concealment was willful; (3) the misrepresented or concealed fact was material; and (4) the naturalized citizen procured citizenship by the misrepresentation or concealment. *Kungys v. United States*, 485 U.S. 759, 767 (1988).

#### *1. Concealment or Misrepresentation*

Plaintiff has shown that Defendant concealed or misrepresented facts regarding her employment, travel, and association on her naturalization application. In that regard, Defendant was Head of Safeguards at AECS and attended international conferences as an employee of

AECS according to her own statements and publicly available documents. (Dkt. No. 12 Ex. 3 at 1, 6-12, 14-15, 17, 21, 35.) Several of these conferences were held in Vienna, Austria and Cairo, Egypt between 1997 and 2003. *Id.* Accordingly, Defendant misrepresented or concealed her employment status and her travel by listing only "Homemaker" under employment and disclosing only four trips to Canada and Syria since 1996 on the naturalization form. (Dkt. No. 12 Ex. 3 at 24-25.) Defendant's membership or association with UN International Atomic Energy Agency is indicated by her regular attendance at its conferences and meetings for AECS, which is a member organization of IAEA and an agency of the Syrian government. (Dkt. No. 1 Ex. 1 ¶ 11; Dkt. No. 12 Ex. 3 at 6-15, 37.) Defendant misrepresented or concealed her association with IAEA by disclosing no membership or association with any groups. (Dkt. No. 12 Ex. 3 at 28.)

### 2. *Willfulness*

Under 8 U.S.C. § 1451(a), contradictions between a defendant's statements related to the same subject matter have supported findings of willfulness. *See, e.g., United States v. D'Agostino*, 338 F.2d 490 (2d Cir. 1964). In other areas of immigration law, courts have defined willfully as "deliberate and voluntary." *Espinoza-Espinoza v. INS*, 554 F.2d 921, 925 (9th Cir. 1977) (defining willful misrepresentation of material fact in the context of excluding aliens).

The contradictions between Defendant's executed naturalization application and Defendant's representations to HSI and others show that her concealment or misrepresentation of her employment and travel was willful. During her interview with Homeland Security Investigations, Defendant claimed she held a temporary position at AECS, which she did not consider "working" or "employment." (Dkt. No. 12 Ex. 3 at 35.) However, Defendant later wrote in her letter to this Court that she has been "working" at AECS. (Dkt. No. 12 Ex. 3 at 40.)

9

Even if Defendant did not consider herself to be working or an employee, she previously listed AECS as an "occupation" on her immigration form in 1996. When the naturalization application requests information about an applicant's employment, it utilizes the term "occupation." (Dkt. No. 12 Ex. 3 at 1, 24.) Because Plaintiff previously used the term "occupation," Defendant must have been familiar with the term's meaning. Defendant's contradictions regarding her employment therefore indicate that the omission on her naturalization form was not a misunderstanding of terms. Similarly, Defendant told Homeland Security Investigations and wrote in her letter to this Court that she regularly travels to Austria to attend conferences, which she did not include on her naturalization application. (Dkt. No. 12 Ex 3 at 37, 40.) Based on Defendant's contradictory representations, Plaintiff has shown that Defendant's concealment or misrepresentation of her employment and travel was willful.

However, Plaintiff has not alleged sufficient facts to indicate that Defendant's concealment or misrepresentation of her association with IAEA was willful. Defendant told Homeland Security Investigations that she was not a member of IAEA, but instead that AECS was a member. (Dkt. No. 12 Ex. 9 at 37.) Plaintiff has not presented any facts that indicate deliberate or voluntary action on Defendant's part to conceal her association with IAEA, and Defendant never otherwise represented that she was a member of IAEA. (*See* Dkt. No. 12 Ex 1.) Although Defendant's association with the IAEA does not pass the willfulness prong of the four-part test, Plaintiff may succeed relying on Defendant's willful concealment of her employment and travel.

### 3. *Materiality*

Materiality is a question of law for the court. *Kungys*, 485 U.S. at 772. To be material, the misrepresented or concealed fact must have had a "natural tendency to influence" or have

been "predictably capable of affecting" the United States Citizenship and Immigration Services' ("USCIS'") decision to grant citizenship. *Id.* at 771. Some courts have held that it is sufficient for the concealed or misrepresented fact to "merely augment or diminish" the evidence on some point, although the fact must have some weight in the decision-making process. *United States v. Weinstock*, 231 F.2d 699, 701 (D.C. Cir. 1956).

Defendant's misrepresentation or concealment of her employment and travel was material. To show materiality, Plaintiff relies on Thomas Eyre's Affidavit of Good Cause. (*See* Dkt. No. 1 Ex. 1.) Eyre is a Special Agent for HSI, who investigates immigration and naturalization violations concerning individuals who may pose a national security threat. (*Id.* ¶¶ 1, 2.) Eyre stated that Defendant's employment and foreign travel would have affected the determination of her eligibility for naturalization. (*Id.* ¶ 14.) The concealment and misrepresentation of her employment and travel "cut off a line of questioning about her service with a foreign government and her acting as an agent of a foreign power." (*Id.* ¶ 16.) Eyre's affidavit sufficiently shows that the concealed and misrepresented facts about Defendant's employment, association, and travel were predictably capable of affecting USCIS's decision.[1]

### *4. Procurement*

The *Kungys* court was divided on how the government must show that the citizen procured naturalization as a result of concealment or misrepresentation. Justice Scalia wrote that proof of material misrepresentation or concealment creates a rebuttable presumption that the

---

[1] Plaintiff additionally argues it can show materiality even without Eyre's statement because "there can be no doubt" that Defendant's work on atomic energy issues for the Syrian government, a designated state sponsor of terrorism, would influence USCIS's determination. The Immigration and Nationality Act does not specifically address employees of state sponsors of terrorism, but it lists terrorist activity as an exclusion ground. *See* 8 U.S.C. § 1182(a)(3)(B). However, Plaintiff has not discussed whether Defendant's actions were terrorist activity. Plaintiff further argues Defendant's employment is material because she was Head of Safeguards when Syria was cited for safeguards violations in 2011 after the discovery of a covert nuclear facility. Because Defendant escorted international inspectors as Head of Safeguards, Plaintiff posits that Defendant was likely present for the 2008 inspections. (*See* Dkt. No. 12 Ex. 3 at 36.) However, Defendant's role would not have been predictably capable of affecting a naturalization decision made in 2003.

defendant was ineligible for citizenship, which the defendant may refute by showing that she met the qualification by a preponderance of evidence. *Id.* at 777. Justice Brennan added that the presumption only arises when the government produces sufficient evidence to raise a "fair inference" of ineligibility. *Id.* at 783 (Brennan, J., concurring). Another interpretation was to apply a but-for causality test, in which the procurement requirement is met if knowledge of the concealed or misrepresented fact would have led to denial of citizenship. *Id.* at 788-89 (Stevens, J., concurring). The Fourth Circuit has not ruled on the procurement requirement in the context of a civil denaturalization proceeding, but has followed the fair inference standard in unpublished opinions in the parallel context of 18 U.S.C. § 1425, which covers criminal unlawful procurement of naturalization. *See, e.g., United States v. Agunbiade*, No. 98-4581, 1999 WL 26937, at *2 (4th Cir. 1999).

Plaintiff argues that Defendant procured naturalization by the concealed or misrepresented facts. In that regard, Plaintiff compares Defendant with the defendant in *United States v. Latchin*, 554 F.3d 709, 714 (7th Cir. 2009), who concealed and misrepresented information about his employment, travel, and association that reflected his ongoing relationship with the Iraqi Intelligence Service. The *Latchin* court found a fair inference of ineligibility, writing that it "defies common sense to think that the INS would have naturalized a man who worked for years as a spy for a hostile regime and who had at least some ongoing relationship with the [Iraqi Intelligence Service]." *Id.* Plaintiff puts forth no evidence that Defendant here is a spy. However, it does argue that she similarly concealed her ongoing employment for an agency of the Syrian government, which the State Department has designated a state sponsor of terrorism. Using the *Latchin* court's reasoning and Eyre's affidavit, Plaintiff raises a fair inference that Defendant was ineligible for citizenship in that it is difficult to perceive a set of

circumstances under which USCIS would approve a naturalization application for someone employed by a state sponsor of terrorism. Defendant has not rebutted the presumption of ineligibility by a preponderance of evidence. Therefore, Defendant procured naturalization by willful concealment of material facts.

### B. Naturalization Illegally Procured

Although Plaintiff has satisfied its burden in showing that Defendant procured naturalization by willful concealment or misrepresentation of material fact, Plaintiff alternatively has shown that Defendant illegally procured naturalization. 8 U.S.C. § 1451(a) provides for revocation of naturalization and cancellation of the order granting citizenship when a citizen illegally procures naturalization. Naturalization is illegally procured if any statutory condition for citizenship is not met at the time of naturalization. *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). The plaintiff must prove its case by clear, unequivocal, and convincing evidence. *Id.* at 491. One statutory requirement for citizenship is to remain "a person of good moral character" from the time of becoming a legal permanent resident until becoming a citizen. 8 U.S.C. § 1427(a)(3). A person lacks good moral character if she has given false testimony for the purpose of obtaining an immigration or naturalization benefit. 8 U.S.C. § 1101(f)(6). False testimony is limited to oral statements under oath and does not apply to concealments. *Kungys*, 485 U.S. at 780-81.

Subsequent to obtaining lawful permanent resident status, Defendant orally affirmed under oath that her naturalization application was true and correct to the best of her knowledge at her naturalization interview. (Compl. ¶ 10; Dkt. No. 1 Ex. 1 ¶ 7.) Based upon the above-noted inconsistencies, it is difficult if not impossible to conclude that Defendant did not know that her naturalization application contained false information at the time she orally swore to its accuracy.

Defendant's knowledge of her false oral testimony under oath caused her to lack good moral character before her citizenship was granted, rendering her ineligible for citizenship. Therefore, Defendant illegally procured naturalization.

## IV. REQUESTED RELIEF

Plaintiff requests a judgment of default against Defendant and seeks that the Court revoke and set aside Defendant's naturalization order and cancel Defendant's certificate of naturalization. 8 U.S.C. § 1451(a) provides for the revocation and setting aside of the naturalization order and cancellation of the naturalization certificate on the grounds that Defendant procured naturalization either illegally or by willful concealment or misrepresentation of material facts. Although showing one ground would be sufficient, Plaintiff has shown both of these grounds. Therefore, this Court finds sufficient basis to revoke and set aside Defendant's naturalization order and cancel Defendant's certificate of naturalization.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be GRANTED. Accordingly, the undersigned Magistrate Judge recommends that the Court revoke and set aside the order for Defendant's naturalization and cancel Defendant's Certificate of Naturalization.

## VI. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report**

and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and to Defendants.

                                                    /s/
                                     Ivan D. Davis
                                     United States Magistrate Judge

July 25, 2014
Alexandria, Virginia